UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON DESMOND SMALLS,<br><br>                              Plaintiff,<br><br>-against-<br><br>ALYSSA FUCH; COHEN AND FITCH,<br><br>                              Defendants. | 25-CV-0776 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking 42 U.S.C. § 1983. He sues an attorney and her law firm for alleged legal malpractice representing him in his civil case against police officers for excessive force. This complaint was originally filed in the United States District Court for the Eastern District of New York, which transferred it to this court. By order dated January 28, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] In December 2021, police officers assaulted Plaintiff. (ECF 1 at 4.) In February 2022, Alyssa Fuch of the law firm Cohen and Fitch was "assigned" to represent Plaintiff.[2] In March 2023, Plaintiff was "partially paid $22,000 . . . ." (*Id.* at 3.)

Non-party "Brittoney Johnson," whose relationship to the proceedings is unclear, allegedly informed Plaintiff in June 2023, that Fuch "kept [Plaintiff's] lawsuit running, lied to [him] about the amount she received [and] called [Plaintiff] a dummy." (*Id.*) Plaintiff contacted Fuch to obtain documents and evidence from the civil case, including video evidence of the police brutality and documents from the New York City Comptroller. Fuch told Plaintiff that she

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff had a pending civil rights action, *Smalls v. 24th Precinct*, No. 22-CV-03205 (GHW), in which Fuchs entered a notice of appearance on Plaintiff's behalf (ECF 10). The district court then held that the action had already been dismissed without prejudice, pursuant to Plaintiff's notice of voluntary dismissal (ECF 12), and directed that the amended complaint be stricken (ECF 17).

had "destroyed everything." (*Id.* at 4.) Plaintiff describes Fuch as "a trans-op Jewish white woman becoming a man." (*Id.*)

Plaintiff then filed a notice of claim with non-party New York City Comptroller Brad Lander. (*Id.*) Months passed and finally Olivia Lam "disallowed" the claim. Plaintiff "assumes" that Lander and Lam conspired against him "for racial, personal, [and] religious reasons." (*Id.*)

Plaintiff seeks access to video and documents obtained by the law firm Cohen and Fitch, reopening of his police brutality case, and $2 million. He sues Fuch and Cohen and Fitch, pursuant to 42 U.S.C. § 1983.

## DISCUSSION

**A.     Lack of Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

3

### 1. Federal Question Jurisdiction

To support federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal jurisdiction, without pleading any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff relies on Section 1983, which requires allegations that a person acting under the color of state law, or a "state actor," violated a right secured by the Constitution or federal law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Defendants Alyssa Fuch and Cohen and Fitch are, respectively, a private attorney and a private law firm. (ECF 1 at 1.) These defendants are not alleged to have been acting on behalf of any state or other government body, and they therefore are not state actors. *See West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant . . . exercise[ ] power . . . made possible only because the wrongdoer is clothed with the authority of state law." (internal quotation marks and citation omitted)). "That a lawyer is an officer of the court does not render him a state actor for purposes of § 1983." *Frierson-Harris v. Hough*, No. 05-CV-3077, 2006 WL 298658, at *5 (S.D.N.Y. Feb. 7, 2006). Because Defendants are not state actors, they are not subject to suit under Section 1983.

Plaintiff's allegations also do not suggest any other claim obviously arising under federal law.[3] Plaintiff thus has not asserted any basis for invoking the Court's federal question jurisdiction.

### 2. Diversity Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Diversity must be complete; that is, "no plaintiff and no defendant [may be] citizens of the same State." *Id*. at 388.

For diversity purposes, an individual is a citizen of the state where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). There is a rebuttable presumption that a detainee or incarcerated person retains his or her pre-incarceration domicile. *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007). A corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business, generally its headquarters, *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), and a limited liability company is deemed to be a citizen of each state of which its members are citizens, *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). *See also Moran v. Proskauer Rose LLP*, No. 1:17-CV-0423, 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017) (holding that a limited liability partnership retains the state citizenships of all of its members).

---

[3] Plaintiff mentions that he "assumes" that non-parties affiliated with the New York City Comptroller's Office conspired against him. These individuals are not named as defendants and Plaintiff does not suggest any factual basis for his assumption that the denial of his notice of claim against his former attorney was due to a conspiracy. Thus, there does not appear to be any basis for granting Plaintiff leave to plead such a claim.

For diversity jurisdiction, in addition to pleading diversity of citizenship, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff has not pleaded facts about his pre-incarceration domicile. He also has not alleged facts about the domicile of Defendant Fuch, or the members of Cohen & Fitch, LLP, and their citizenship. Instead, Plaintiff simply provides addresses for all parties in New York. Plaintiff thus fails to satisfy his burden of showing diversity of citizenship. Accordingly, Plaintiff has not established any basis for this Court to exercise subject matter jurisdiction of his state law malpractice claims.

**B.      Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, a district court generally should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987).

Here, Plaintiff asserts state law claims for malpractice, and he therefore may be able to pursue his claims in a state court of general jurisdiction. Because Plaintiff might be able to allege additional facts to show diversity of citizenship, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his allegations of subject matter jurisdiction in federal court.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   March 13, 2025
         New York, New York

                                          /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                         Chief United States District Judge